UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIO VELASCO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BROADWAY ARCTIC CIRCLE, LLC; and HITT ARCTIC CIRCLE, LLC,<br><br>　　　　　　Defendants. | Case No. 4:11-cv-00102-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion for Protective Order (Dkt. 11), and Plaintiff's Motion to Compel Defendants' Owner to Appear at Deposition (Dkt. 15).

## ANALYSIS

Pursuant to the stipulated litigation plan and the Court's Case Management Order, this case was set on an expedited track. The court entered its CMO on August 5, 2011 and set fairly tight deadlines, including a December 16, 2011 dispositive motion deadline and a November 11, 2011 discovery cutoff deadline.

On October 19, 2011, Plaintiff's counsel contacted Defendants' counsel to inquire

about a date for taking the deposition of David Bell, the owner of the defendant restaurants. The parties were unable to agree on a time, and, on October 25, 2011, Plaintiff's counsel noticed the deposition for November 2, 2011. Defendants' counsel indicated that he could not attend the deposition until after November 27, 2011 because of a previously scheduled trial. Defendants then filed the pending Motion for Protective Order and the Plaintiff filed the pending Motion to Compel Defendants' Owner to Appear at Deposition.

The discovery rules regarding protective orders and motions to compel depositions are well known. Pursuant to Federal Rule of Civil Procedure 26(c), the Court may issue a protective order upon good cause shown. Under Rule 37(d), the Court may order sanctions where a party fails to attend a noticed deposition.

In this case, Defendants suggest that Plaintiff did not give timely notice to conduct the deposition before the discovery cutoff date. Plaintiff argues that given the expedited schedule for the case in general, Plaintiff gave Defendants ample time.

The Court finds that the best way to secure the just, speedy, and inexpensive determination of this action as required by Federal Rule of Civil Procedure 1 is to require the parties to agree on a time to conduct the deposition during the week of November 28, 2011, after Defendants' counsel concludes his other trial. The Court commends the parties attempt to set tight discovery deadlines in this case, but finds that a short extension of that deadline is warranted to allow for the deposition. Accordingly, the Court also finds that monetary sanctions are not warranted.

# ORDER

**IT IS ORDERED:**

1.  Defendants' Motion for Protective Order (Dkt. 11) is **DENIED in part band GRANTED in part**. The deponent is not required to attend the noticed deposition, but counsel shall meet and confer as explained below.

2.  Plaintiff's Motion to Compel Defendants' Owner to Appear at Deposition (Dkt. 15) is **DENIED in part** and **GRANTED in part**. The discovery deadline is extended to Friday, December 2, 2011 only for the purpose of conducting the deposition of David Bell. The parties shall meet and confer to determine a time to conduct the deposition during the week of November 28, 2011. Monetary sanctions are not awarded.

DATED: **November 8, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge